O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DYLAN CORRAL, | Case No. 2:23-cv-05402-CAS-JDE |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g) |
| JOHN/JANE DOES 1-5000, | |
| Defendants. | |

On June 30, 2023, the Court received from Dylan Corral ("Plaintiff"), an inmate or detainee at the Sacramento County Jail in Sacramento, California, proceeding pro se and without paying a filing fee or seeking leave to proceed in forma pauperis ("IFP"), a civil rights complaint under 42 U.S.C. § 1983 against unidentified Doe defendants based on events that allegedly occurred at California State Prison, Los Angeles County ("LAC") while Plaintiff was incarcerated there in 2019. Dkt. 1 ("Complaint").

On July 10, 2023, the magistrate judge issued an Order finding that it appeared Plaintiff had suffered three prior "strikes" and had not alleged he was currently under imminent danger of serious physical injury and ordering Plaintiff to show cause in writing why the action should not be dismissed

under 28 U.S.C. § 1915(g), or alternatively, pay the full filing fee. Dkt. 4 ("OSC"). On July 31, 2023, Plaintiff filed a Response to the OSC (Dkt. 5, "Response") and request to proceed IFP (Dkt. 6).

   Pursuant 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . ." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original). Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The danger must exist at the time the prisoner filed the complaint, not at some earlier or later time. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (as amended).

   Courts may raise Section 1915(g) sua sponte and dismiss the action after providing the plaintiff notice of the three cases that it finds constitute strikes. See Ray v. Lara, 31 F.4th 692, 697 (9th Cir. 2022); see also Fabricant v. Harbison, 2021 WL 5921470, at *2 (C.D. Cal. Sept. 1, 2021) ("Courts may raise § 1915(g) sua sponte."), accepted by 2022 WL 103187 (C.D. Cal. Jan. 11, 2022). "A dismissal under Section 1915(g) is without prejudice to a plaintiff

refiling his civil rights complaint after prepayment of the full filing fee." Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov. 16, 2010), adopted by 2010 WL 5315438 (C.D. Cal. Dec. 15, 2010).

Here, court records, of which this Court takes judicial notice, reflect at least three prior civil actions filed by Plaintiff while incarcerated that resulted in dismissal for being frivolous, malicious, or failing to state a claim upon which relief may be granted:

1. Dylan Corral v. Lt. Bouldin, et al., No. 2:18-cv-1629-TLN-CKD (E.D. Cal. Jan. 13, 2020) ("First Action") (Dkt. 36, 37) (dismissing Plaintiff's second amended complaint for "failure to state a claim upon which relief can be granted").

2. Dylan Corral v. Cpl. Sullivan, No. 2:18-cv-01843-KJM-CKD (E.D. Cal. Mar. 17, 2020) ("Second Action") (Dkt. 32, 33) (dismissing Plaintiff's second amended complaint for "failure to state a claim upon which relief can be granted").

3. Dylan Corral v. Corporal Martinez, et al., No. 2:19-cv-00859-JAM-KJN (E.D. Cal. July 27, 2020) ("Third Action") (Dkt. 9, 21-24) (dismissing complaint for failure to state "a potentially colorable due process claim").[1]

As Plaintiff, a "prisoner," has had at least three prior civil actions he commenced as a prisoner dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, this action is subject to

---

[1] The district court affirmed the magistrate judge's dismissal of Plaintiff's complaint, granting leave to amend by a certain date, (see Third Action, Dkt. 9, 21), but Plaintiff did not do so. See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under Section 1915(g)").

dismissal under 28 U.S.C. § 1915(g). Further, as Plaintiff is no longer housed at LAC, he is not currently under imminent danger of serious physical injury stemming from the allegations in the Complaint.

In his Response, Plaintiff objects to the dismissal of this action, claiming his Fourteenth Amendment due process rights were violated and none of his prior actions should qualify as a strike because: (1) he was "never afforded the opportunity to amend his complaint" in the Third Action as he never received the April 22, 2020 order due to prison tampering; (2) prison officials seized his legal property on or about June 2, 2019, "chilling Plaintiff[']s efforts to litigate in all cases . . . in which [he] could have prevailed by amending the complaints or on appeal"; (3) the Third Action "stems from [a] similar set of facts" as in the First Action, but they had to be separated into two lawsuits "due to a 25 page limit per Complaint"; (4) prison officials "drugged" Plaintiff starting in May 2019 "to make Plaintiff lethargic and to force [him] to forfeit his legal claims"; and (5) he was hospitalized at California Health Care Facility ("CHCF") from October 2019 to June 2022 and "mentally incapacitated at all times of each dismissal of each case." See Response at 1-3, 9-11.

However, Plaintiff may not avoid the consequences of the prior actions through an untimely collateral attack. See Hoffmann v. Pulido, 928 F.3d 1147, 1150-51 (9th Cir. 2019) (concluding the plaintiff could not escape the consequences of a prior judgment by arguing that the magistrate judge in the prior action lacked authority to dismiss the complaint). The Supreme Court "has long recognized that collateral attacks are disfavored" as they "run afoul of the court's strong interests in the finality of judgments." Id. at 1150. Such challenges must be raised in the initial action while the case is still pending; "they may not be raised for the first time by way of collateral challenge in a subsequent action." Id. (quoting City of S. Pasadena v. Mineta, 284 F.3d 1154, 1157 (9th Cir. 2002)). Although Federal Rule of Civil Procedure 60(b)(4)

allows for final judgments to be declared void in some circumstances, Plaintiff makes no argument that the prior judgments fall within the "narrowly circumscribed set of void judgments" that "lack[ed] even a colorable basis" for jurisdiction." Id. at 1151 (citing United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010); Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984)).

  Plaintiff was aware of the three strikes issue and raised the issue in all three prior actions. Yet, he never raised the arguments he now asserts. In each of the three prior actions, on October 29, 2020, Plaintiff filed the identical document, stating, in its entirety:

> Clerk of the Court –
>
> I am wanting to know if I have 3 strikes under the Prison Litigation Reform Act 1915(g).
>
> I have 3 dismissals in case #'s:
>
> 2:18-cv-1629 TLN CKD (PC)
>
> 2:18-cv-1843 KJM CKD (PC)
>
> 2:19-cv-0859 JAM KJN (PC)
>
> Please let me know [¶] Thank you

First Action, Dkt. 38; Second Action, Dkt. 34; Third Action, Dkt. 25 ("Request"). Plaintiff received no response and made no further inquiries. As such, Plaintiff may not collaterally attack the earlier actions through this action in order to avoid the application of Section 1915(g).

  Further, factually, Plaintiff's claims are belied by the record in the prior actions. Plaintiff first argues that the Third Action should not count as a strike as he was unable to amend his complaint because he never received the April 22, 2020 order due to prison officials tampering with his legal mail in violation of his Fourteenth Amendment rights. Response at 3-4. In the Third Action, the magistrate judge issued an order on September 13, 2019 finding the complaint failed to state a potentially colorable due process claim and dismissed the

complaint with leave to amend. Third Action, Dkt. 9. Thereafter, Plaintiff requested, and was granted, three extensions of time to file objections. Id., Dkt. 13-16, 18-19. The court's last order, in November 2019, expressly granted Plaintiff additional time to file an amended complaint or objections. Id., Dkt. 19. On December 13, 2019, Plaintiff filed objections, substantively addressing the magistrate judge's September order. Id., Dkt. 20. Thereafter, on April 22, 2020, the district judge affirmed the September order and granted Plaintiff 45 days to file an amended complaint. Id., Dkt. 21. This is apparently the order Plaintiff claims he never received. But, prior to the April 2020 order, Plaintiff had been notified on at least two occasions of the right to file an amended complaint and he received further notice when the magistrate judge issued findings and recommendations on June 16, 2020, recommending that the action be dismissed when Plaintiff failed to file an amended complaint or otherwise respond to the court's order. See id., Dkt. 22. Plaintiff does not claim he never received these other orders or the recommendation and he never raised the issue in his Request, which otherwise acknowledged the action had been dismissed and may constitute a strike. As such, Plaintiff cannot avoid a strike based on his alleged inability to amend his complaint.

      Plaintiff further contends that the Third Action should not qualify as a strike for the additional reason that the First and Third Actions had to be filed as two separate actions due to a 25-page limit local rule. Response at 7-8. Plaintiff does not provide any citation to this Eastern District of California Local Civil Rule. In any event, Plaintiff never requested to file a complaint in excess of this page limit in the First Action and, in fact, the record reflects that the initial complaint was only 14 pages, well short of the purported 25-page limit. Despite his belated contentions that the two cases were based on a "similar set of facts" and should have been filed as one action, Plaintiff never raised this issue in the First Action and instead, filed the Third Action almost a

year later. Further, although both actions relate to disciplinary proceedings, with only two possible exceptions, the two actions challenge different proceedings. In sum, there is no basis to conclude the First and Third Actions should constitute only one strike.

Next, Plaintiff contends that his legal property was seized in June 2019, "chill[ing]" his efforts to litigate all cases, erroneously causing them to be dismissed for failure to state a claim. He maintains the deprivation of his legal property caused him to receive three strikes because he was unable to file an amended complaint in the Third Action or appeal in all three actions. Response at 4-7. This is the only issue that was even tangentially raised in his prior actions, but the records reflect that he was afforded additional time each time he alerted the courts that he did not have access to his legal property. In the First and Second Actions, he requested extensions of time to file amended complaints because he had not received his legal property following a prison transfer in February 2019. He also filed two motions to compel in the First Action, which were denied. His requests for extensions of time, however, were granted and he continued to litigate both actions without ever alerting the courts that his legal property was later seized in June 2019 or requesting any relief as a result. See First Action, Dkt. 18-20, 22-25; Second Action, Dkt. 17-18, 20-21. In the Third Action, Plaintiff notified the court in October and November 2019 that he did not have his legal property. His requests for extensions were granted and the court requested the litigation coordinator at CHCF to assist him in obtaining access to his legal materials. Third Action, Dkt. 15-16, 18-19. Plaintiff thereafter filed substantive objections on December 13, 2019, citing the magistrate judge's order and legal authority, with specific details regarding his claims, and never alerting the court that there was any ongoing issues regarding his legal property. Id., Dkt. 20. As to all three actions, despite repeatedly seeking relief when he lacked access his legal property, he

never claimed he was being prevented from filing an appeal. The records in the prior actions do not support Plaintiff's contention that he was prevented from pursuing these cases based on the seizure of his legal property.

      Similarly, to the extent Plaintiff claims he was unable to amend and/or appeal the prior actions because he was drugged in May 2019, hospitalized at CHCF from October 2019 to June 2022, and mentally incapacitated at the time of the dismissal orders (Response at 8-10), nothing in the record from Plaintiff's prior actions reflect these issues prevented him from pursuing his legal claims. During these periods, Plaintiff actively litigated the prior actions, as well as several others. He filed coherent objections, notices of change of address, requests for extensions, a motion to disqualify the magistrate judge, a request to proceed IFP, and even engaged in a settlement conference in another matter. See, e.g., First Action, Dkt. 31-33, 35; Second Action, Dkt. 27-29, 31; Third Action, Dkt. 6, 7, 13, 15, 17, 18, 20; see also generally Corral v. Warren, et al., Case No. 2:18-cv-00024-TLN-CKD (E.D. Cal.); Corral v. Woodman, Case No. 2:18-cv-01769-KJM-DMC (E.D. Cal.); Corral v. Melgarejo, et al., Case No. 2:18-cv-03019-JAM-DMC (E.D. Cal.). The Court finds no merit to Plaintiff's contention that he was unable to amend and/or appeal the prior actions due to being drugged, hospitalized, and/or mentally incapacitated. In sum, the Court finds all three prior actions qualify as strikes.

      Accordingly, as Plaintiff, a "prisoner," has had at least three prior civil actions he commenced as a prisoner dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, and is not in imminent danger of serious physical injury that is fairly traceable to the unlawful conduct alleged in the Complaint, this action must be dismissed under 28 U.S.C. § 1915(g).

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Complaint is DISMISSED without prejudice to refiling after prepayment of the full filing fee; and
2. Judgment shall be entered accordingly.

Dated: August 4, 2023

_____
CHRISTINA A. SNYDER
United States District Judge

Presented by:

_____
JOHN D. EARLY
United States Magistrate Judge